UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOHN M. TOWNSEND,                )     3:11-cv-00453-RCJ-WGC
                                 )
            Plaintiff,           )     **REPORT AND RECOMMENDATION**
                                 )     **OF U.S. MAGISTRATE JUDGE**
     vs.                         )
                                 )
R. CARRASCO, et. al.             )
                                 )
            Defendants.          )
_____  )

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. # 22.)[1] Plaintiff has not opposed. After a thorough review, the court recommends that Defendants' motion be granted.

## I. BACKGROUND

At all relevant times, Plaintiff John M. Townsend was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 6) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Correctional Officers Kenneth C. Ross and Jason Stolk. (*Id.* at 2.)[2]

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers.

[2] R. Carrasco and S. Saunders were dismissed pursuant to Federal Rule of Civil Procedure 4(m) on June 20, 2012. (*See* Doc. # 19.)

On screening, the court determined that Plaintiff states a colorable claim for excessive force under the Eighth Amendment in connection with his allegation that these correctional officers physically attacked him on June 26, 2009. (Screening Order (Doc. # 5) at 2-3.) Plaintiff alleges that Defendants deliberately, and without good cause, slammed Plaintiff face-down into the concrete floor. (Doc. # 6 at 4.) He claims to have been in full restraints, and that by the time medical arrived, he was laying in a pool of his own blood. (*Id.*)

Defendants move for summary judgment, asserting that they did not subject Plaintiff to excessive force in violation of the Eighth Amendment. (Doc. # 22.) They also argue that they are entitled to qualified immunity. (*Id.*)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the

trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations

3

1  that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions
2  and allegations of the pleadings and set forth specific facts by producing competent evidence
3  that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

4      At summary judgment, a court's function is not to weigh the evidence and determine the
5  truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.
6  While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be
7  drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not
8  significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations
9  omitted).

10      Finally, the court notes that while Plaintiff failed to oppose the motion, the Ninth Circuit
11  has instructed that "a verified complaint may serve as an affidavit for purposes of summary
12  judgment if it is based on personal knowledge and if it sets forth the requisite facts with
13  specificity." *Moran v. Selig*, 447 F.3d 748, 760 n. 16 (9th Cir. 2006) (citing *Lopez v. Smith*,
14  203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc) ("A plaintiff's verified complaint may be
15  considered as an affidavit in opposition to summary judgment it if is based on personal
16  knowledge and sets forth specific facts admissible in evidence.")). Accordingly, even though
17  Plaintiff failed to submit an opposition to Defendants' motion, because he is proceeding pro
18  se, the court must still undertake an analysis of his verified complaint to ascertain whether any
19  of his verified allegations create a genuine issue of material fact.

20      **III. DISCUSSION**

21  **A. Legal Standard- Eighth Amendment Excessive Force**

22      The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S.
23  Const. amend. VIII. It "embodies broad and idealistic concepts of dignity, civilized standards,
24  humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal
25  quotations omitted). The "unnecessary and wanton infliction of pain...constitutes cruel and
26  unusual punishment forbidden by the Eighth Amendment." *Id.* (quoting *Whitley v. Albers*, 475
27  U.S. 312, 319 (1986)).

28      4

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley*, 475 U.S. at 320-21; *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Hudson*, 503 U.S. at 9 (citing *Whitley*, 475 U.S. at 327).

In determining whether the use of force is excessive, courts are instructed to examine "the extent of the injury suffered by an inmate[;]" "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of the forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

An inmate need not establish serious injury; however, the lack of serious injury is relevant to the Eighth Amendment inquiry. *See Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). "The extent of injury may also provide some indication of the amount of force applied." *Id*.

That being said, not "every malevolent touch by a prison guard gives rise to a federal cause of action...The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327); *see also Wilkins*, 130 S.Ct. 1178 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." (citing *Hudson*, 503 U.S. at 9)). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 130 S.Ct. at 1178-79. If the nature of the injuries is more than *de minimis*, but still "relatively

5

modest," the inmate's damages will likely be limited. *See id.* at 1180.

Courts must be deferential when reviewing the necessity of using force. *See Whitley*, 475 U.S. at 321-22; *see also Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2009), *cert. denied*, 131 S.Ct. 1465 (Feb. 22, 2011) ("Prison officials are entitled to deference whether a prisoner challenges excessive force or conditions of confinement." (citing *Whitley*, 475 U.S. at 322)).

**B. Analysis**

According to Defendants, on June 26, 2009, escorted Plaintiff from the shower of his unit to his cell, and when they arrived at his cell, gave Plaintiff an order to kneel down to remove his leg restraints. (Doc. # 22 at 2, Stolk Decl. (Doc. # 22 at 16-17) ¶¶ 5-8), Ross Decl. (Doc. # 22 at 19-20) ¶¶ 5.) Plaintiff refused to comply, was given several more orders to kneel which he also refused to comply with, and became agitated and aggressive, both verbally and physically. (Stolk Decl. ¶ 9, Ross Decl. ¶ 5.) Plaintiff then rapidly turned in Defendant Stolk's direction, and both Defendant Stolk and Defendant Ross perceived Plaintiff's actions as threatening. (Stolk Decl. ¶¶ 10-11, Ross Decl. ¶¶ 5-6.) Defendant Stolk then placed his left hand on Plaintiff's left elbow, applying slight backward pressure to assist him to the floor with as minimal force as possible. (Stolk Dec. ¶ 12.) Defendant Ross placed his left hand on Plaintiff's upper right shoulder, applying downward pressure, and maintained control of Plaintiff's arm at the elbow with his right hand which brought Plaintiff to the floor. (Ross Decl. ¶ 7.) Defendants held Plaintiff in this position until back up arrived. (Stolk Decl. ¶ 12, Ross Decl. ¶ 7.) Defendant Stolk maintains that he used the minimum amount of force necessary to secure Plaintiff, who was acting aggressively and refusing orders. (Stolk Decl. ¶ 13.) Defendant Ross asserts the same, and further states that he never slammed Plaintiff's face down onto the concrete floor. (Ross Decl. ¶¶ 8-9.) Defendant Ross issued a notice of charges to Plaintiff for failure to follow rules and regulations, delaying or hindering staff, and abusive language. (*Id.* ¶ 10.) Plaintiff was convicted of the disciplinary charges. (Doc. # 22 at 2, Ex. D (Doc. # 22 at 29-31).)

Defendants have submitted Plaintiff's medical records which they claim reveal that

1  Plaintiff suffered an abrasion on the eyebrow, bridge of the nose and a puncture wound to the
2  lip. (Doc. # 22 at 2.) He was given Band-Aids, had his wounds cleaned, and was given ice for
3  possible swelling, and was returned to his cell. (Doc. # 22 at 2, Ex. E (filed under seal).)
4       Defendants have met their burden of producing evidence, in the form of Defendants'
5  declarations as well as Plaintiff's disciplinary and medical records, that show the force applied
6  on the date in question was in a good-faith effort to maintain or restore discipline when
7  Plaintiff failed to respond to Defendants' orders to kneel and became physically and verbally
8  agitated and aggressive, in a manner which Defendants perceived as threatening. On the other
9  hand, there is no evidence before the court to suggest that the force was imposed maliciously
10 and sadistically to cause harm. Plaintiff has not opposed the motion, and the court is only
11 confronted with the conclusory statement in his Complaint that deliberate force was inflicted
12 upon him without good cause. This is not enough to create a question of fact to defeat summary
13 judgment. Therefore, the court recommends that summary judgment be granted in Defendants'
14 favor. In light of this conclusion, the court need not reach Defendants' qualified immunity
15 argument.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' motion (Doc. # 22).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: April 8, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

8